UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SURESH U. RANCHOD, | CASE NO. C23-1642JLR |
| Plaintiff, | ORDER |
| v. | |
| AIG PROPERTY CASUALTY COMPANY, et al., | |
| Defendants. | |

Before the court is the notice of removal filed by Defendant AIG Property Casualty Company ("AIG"). (Not. of Removal (Dkt. # 1).) AIG asserts that this court has subject matter jurisdiction over this action because (1) Plaintiff Suresh U. Ranchod is a citizen of Washington; (2) AIG is an Illinois corporation with its principal place of business in New York; (3) the amount in controversy exceeds $75,000; and (4) the court should disregard Defendant Madison S. Coppock's Washington citizenship in determining whether there is complete diversity among the parties because she is a

ORDER - 1

nominal Defendant, was fraudulently joined, or is a dispensable party. (*Id.* at 3-10); *see* 28 U.S.C. § 1332 (providing for original jurisdiction in the federal courts "of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States"). AIG also asserts that Ms. Coppock's consent to removal is not required because she is a nominal or fraudulently joined Defendant. (Not. of Removal at 11 (citing *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988)).)

According to AIG, this matter originated as a King County Superior Court lawsuit regarding an automobile accident between Ms. Coppock and Mr. Ranchod. (Not. of Removal at 3 (citing Baker Decl. (Dkt. # 2) ¶ 4, Ex. 4 (original complaint in this action)).) AIG appointed counsel to represent Ms. Coppock in that action. (*Id.*) In May 2023, Ms. Coppock and Mr. Ranchod entered into a settlement agreement in which Ms. Coppock "admitted negligence and liability, stipulated to entry of judgment against her in the amount of $3 million, and assigned her potential claims against [AIG] to [Mr. Ranchod] in exchange for a covenant not to execute on her assets." (*Id.* at 3-4 (citing Baker Decl. ¶ 2, Ex. 1 at 24-37[1] (settlement agreement)).) The Superior Court then entered judgment against Ms. Coppock. (*Id.* at 4 (citing Baker Decl. ¶ 2, Ex. 1 at 39-43 (confession of judgment against Ms. Coppock)).) Rather than file a new action in which to pursue the insurance claims against AIG that Ms. Coppock assigned to him, Mr. Ranchod amended his existing Superior Court complaint to add AIG as an additional

---

[1] The court refers to the page numbers in the CM/ECF header when citing to Exhibit 1 of the Baker Declaration.

Defendant. (*Id.* at 4. *See generally* 2d Supp. Compl. (Dkt. # 1-2).[2]) Thus, although Mr. Ranchod now lists himself in the caption of his amended complaint as filing this action individually and as assignee of Ms. Coppock's claims (*see* 2d Supp. Compl. at 1), he continues to name Ms. Coppock as a Defendant. (*See id.* ¶¶ 1.2, 4.1-4.4 (continuing to assert the settled negligence claim against Ms. Coppock).)

Based on these facts, the court is preliminarily persuaded that it should (1) consider Ms. Coppock a nominal or fraudulently joined defendant whose consent was not required in order for AIG to remove this matter to this court (*see Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986)) and (2) either disregard her citizenship in determining whether it has diversity subject matter over this action or dismiss her as a dispensable party to Mr. Ranchod's insurance claims against AIG (*see* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.")). Therefore, the court ORDERS Mr. Ranchod to file a response, by no later than **December 4, 2023**, addressing AIG's arguments in its notice of removal regarding Ms. Coppock's status as a Defendant in this matter. Mr. Ranchod's response shall not exceed 3,000 words in length and shall include a proposal for how the court should proceed in

//
//
//
//

---

[2] AIG timely filed its notice of removal after receiving service of Mr. Ranchod's second supplemental complaint. (*See* Not. of Removal at 2; Baker Decl. ¶¶ 3-4, Exs. 2-3 (service documents)); 28 U.S.C. § 1446(b).

this matter.  AIG may file an optional reply, not to exceed 1,500 words in length, by no later than **December 8, 2023**.

Dated this 16th day of November, 2023.

JAMES L. ROBART
United States District Judge

ORDER - 4