UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SURESH U. RANCHOD, | CASE NO. C23-1642JLR |
| Plaintiff, | MINUTE ORDER |
| v. | |
| AIG PROPERTY CASUALTY COMPANY, et al., | |
| Defendants. | |

The following minute order is made by the direction of the court, the Honorable James L. Robart:

On October 27, 2023, Defendant AIG Property Casualty Company ("AIG") filed a notice of removal of this case from King County Superior Court. (Not. of Removal (Dkt. # 1).) AIG asserts that this court has diversity subject matter jurisdiction over this action because (1) Plaintiff Suresh U. Ranchod is a citizen of Washington; (2) AIG is an Illinois corporation with its principal place of business in New York; (3) the amount in

MINUTE ORDER - 1

controversy exceeds $75,000; and (4) the court should disregard Defendant Madison S. Coppock's Washington citizenship in determining whether there is complete diversity among the parties because she is a nominal Defendant, was fraudulently joined, or is a dispensable party. (*Id.* at 3-10); *see* 28 U.S.C. § 1332 (providing for original jurisdiction in the federal courts "of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States").

This matter originated as a lawsuit regarding injuries Mr. Ranchod suffered in an automobile accident with Ms. Coppock, who was insured by AIG. (Not. of Removal at 3 (citing Baker Decl. (Dkt. # 2) ¶ 4, Ex. 4 (original complaint in this action)).) In May 2023, Ms. Coppock and Mr. Ranchod entered into a settlement agreement in which Ms. Coppock "admitted negligence and liability, stipulated to entry of judgment against her in the amount of $3 million, and assigned her potential claims against [AIG] to [Mr. Ranchod] in exchange for a covenant not to execute on her assets." (*Id.* at 3-4; *see* 2d Supp. Compl. (Dkt. # 1-2) ¶ 3.36, Ex. C (settlement agreement); *id.* ¶ 3.37, Ex. D (confession of judgment against Ms. Coppock).) In June 2023, the Superior Court concluded that the settlement was reasonable and entered judgment against Ms. Coppock. (*see* 2d Supp. Compl. ¶¶ 3.39-3.41; *id.* ¶ 3.39, Ex. E (order on motion for determination of reasonableness and for judgment).) Rather than file a new action in which to pursue the insurance claims against AIG that Ms. Coppock assigned to him, Mr. Ranchod amended his existing Superior Court complaint to add AIG as an additional Defendant. (Not. of Removal at 4. *See generally* 2d Supp. Compl.) Thus, although Mr. Ranchod now lists himself in the caption of his amended complaint as filing this action

individually and as assignee of Ms. Coppock's claims (*see* 2d Supp. Compl. at 1), he continues to name Ms. Coppock as a Defendant. (*See id.* ¶¶ 1.2, 4.1-4.4 (continuing to assert the settled negligence claim against Ms. Coppock).)

After reviewing the notice of removal, the court ordered Mr. Ranchod to respond to AIG's argument that Ms. Coppock's Washington citizenship should be disregarded in determining whether the court has diversity jurisdiction over this matter. (11/16/23 Order (Dkt. # 8).) Mr. Ranchod filed a timely response to that order and AIG filed a timely reply. (Order Resp. (Dkt. # 11); Order Reply (Dkt. # 12).) Mr. Ranchod also filed a motion to remand, which AIG opposes. (MTR (Dkt. # 9); MTR Resp. (Dkt. # 13); MTR Reply (Dkt. # 15).)

Ms. Coppock did not respond to the motion to remand. (*See generally* Dkt.) Mr. Ranchod and AIG's filings, however, discuss in detail whether and to what extent Ms. Coppock continues to have a stake in the outcome of this matter. Accordingly, the court ORDERS Ms. Coppock to file a response to this order that addresses (1) what interest, if any, she retains in this matter after she assigned her claims against AIG to Mr. Ranchod and after the King County Superior Court entered judgment; (2) whether she was fraudulently joined, is a nominal Defendant, or is a dispensable party in this matter; and (3) her view on whether or not removal to this court is appropriate. Ms. Coppock shall file her response by no later than **January 19, 2024**, and her filing shall not exceed 4,200

//

//

//

MINUTE ORDER - 3

words in length.  No replies shall be filed unless so ordered by the court.  The Clerk is DIRECTED to renote Mr. Ranchod's motion to remand for January 19, 2024.

Filed and entered this 8th day of January, 2024.

RAVI SUBRAMANIAN
Clerk of Court

s/ Ashleigh Drecktrah
Deputy Clerk

MINUTE ORDER - 4